IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JOHNNY BRETT GREGORY,

    Petitioner,

vs.

                   CIVIL ACTION NO.: CV207-142

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Johnny Brett Gregory ("Gregory"), an inmate currently incarcerated at the Federal Satellite Low Facility in Jesup, Georgia, filed a petition, as amended, for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss, and Gregory has responded. For the reasons which follow, Respondent's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Gregory pleaded guilty to possession with intent to distribute at least 50 grams of methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A)(viii), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), in the Northern District of Georgia. Gregory was sentenced to 120 months' imprisonment on the drug charge and 60 months' imprisonment on the firearms charge, to be served consecutively. (Doc. No. 11, pp. 1-2). Gregory did not file an appeal with the Eleventh Circuit Court of Appeals.

Gregory filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the district of his conviction. Gregory asserted in that motion that

AO 72A
(Rev. 8/82)

the trial court improperly sentenced him on the firearms charge because the Government failed to show he used or carried a firearm in furtherance of a drug trafficking crime. (Resp't's Ex. A, p. 3). The trial court denied Gregory's motion, finding his motion to be barred by Gregory's valid plea agreement and without merit. (Id. at 25, 28). Gregory filed an appeal, and the Eleventh Circuit dismissed the appeal after Gregory moved for its voluntary dismissal.

In the instant petition, Gregory alleges the Government was guilty of prosecutorial misconduct because the prosecutor: 1) filed an insufficient indictment against him; 2) "used a vindictive attitude in giving him a § 922(g)" (Doc. No. 1, p. 7); 3) violated Gregory's civil rights; 4) did not fulfill the terms of the plea agreement; and 5) did not file a motion for downward departure due to Gregory's substantial assistance, which led to numerous arrests. Gregory asserts his counsel was ineffective because his counsel: 1) did not review discovery and failed to challenge the charges; 2) forced him to enter into a plea agreement with the Government without fully informing Gregory of the evidence against him or investigating the case; 3) failed to seek a downward departure; and 4) allowed Gregory to plead guilty to a charge in the indictment which was unclear.

Respondent avers Gregory's petition should be dismissed because he has not shown that he is entitled to use section 2255's savings clause to proceed under § 2241.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack his conviction should be filed under 28 U.S.C. § 2255 in the district of conviction. 28 U.S.C. § 2255; Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003). However, in those

instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Ramiro v. Vasquez, 210 Fed. Appx. 901, 904 (11th Cir. 2006).

Gregory has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. He offers no assertion as to how the remedy afforded under section 2255 is inadequate or ineffective to challenge the legality of his convictions and sentences.

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and defendant is barred from filing successive motion); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where defendant was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473,

475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 motion or unreasonably delayed consideration of motion); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

Gregory fails to present evidence that his claims are based on a retroactively applicable Supreme Court decision, that he was convicted of a non-existent offense, or that he was foreclosed on a previous occasion from making the same allegations as he does in the instant petition. Gregory filed a § 2255 motion in the Northern District of Georgia, and that court denied his motion; Gregory failed to raise in that motion the issues he raises in his section 2241 petition. Simply because the Northern District of Georgia court denied Gregory's previously raised claims does not render section 2255's remedy inadequate or ineffective. See Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005) (stating that restrictions on the filing of successive section 2255 motions do not render the remedies afforded by that statue inadequate or ineffective). Gregory has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at

1244; see also Dean v. McFadden, 133 Fed. Appx. 640, 642 (11th Cir. 2005) (noting that all three requirements of the Wofford test must be satisfied before section 2255's savings clause is satisfied).

Gregory cannot circumvent the requirements for § 2255 motions[1] by styling his petition for habeas corpus as being filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Gregory is doing nothing more than "attempting to use § 2241. . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. Gregory's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, should be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of July, 2008.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned notes Gregory's citation to United States v. Dorsey, 512 F.3d 1321 (11th Cir. 2008), and United States v. Al-Arian, 514 F.3d 1184 (11th Cir. 2008). Neither of these cases permits Gregory to pursue his claims via section 2241. In Dorsey, the Eleventh Circuit found on appeal that the Government's refusal to file a § 5K1.1 motion because Dorsey exercised his right to a jury trial constitutes an unconstitutional motive. 512 F.3d at 1324. The Eleventh Circuit, in Al-Arian, agreed with the First and Seventh Circuits and determined that a § 2255 motion may be used to enforce the provisions of a plea agreement. 514 F3d at 1191. These cases reveal that, if Gregory were permitted to make the contentions he makes in this case, his contentions would be more appropriately considered on appeal or in a section 2255 motion.